**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LEVI BRAKE,<br>*Plaintiff*,<br>v.<br>BRYAN BEDFORD,<br>*Defendant*. | Civil Action No. 25-1867 (TJK) |

**MEMORANDUM**

Levi Brake, then a law student, applied for the Federal Aviation Administration's ("FAA") Minority Serving Institutions ("MSI") Internship Program for the summer of 2025. ECF No. 1 ¶ 14. He alleges that the MSI Internship Program is "designed . . . to increase participation of underrepresented students and institutions in federal service and the aviation industry." *Id.* ¶ 10. He says that an FAA official told him in January 2025 that he would almost certainly be selected for an internship. *See id.* ¶¶ 18–20. But then he was told in March 2025 that the entire program was canceled. *Id.* ¶ 23. So he sued the FAA Administrator under the Administrative Procedure Act a few months later, challenging the program's cancellation. ECF No. 1 ¶¶ 20–29. He alleges that the FAA—Defendant here—"failed to take the required action of operating the MSI Internship Program for Summer 2025." *Id.* ¶ 23. He requests a declaratory judgment that the cancellation of the MSI Internship Program was contrary to law as well as an order compelling Defendant to reinstate the program. *Id.* ¶¶ 29, 31.

In January 2026, Defendant moved to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1). ECF No. 17. Defendant argues that the case is moot because Brake only requested relief relating to the 2025 internship program—rather than future programs—or in the alternative,

that he otherwise lacks standing to bring his claim. *See generally id.* Then, in September 2026, Brake told the Court that he had graduated and had no plans to be a student again. ECF No. 22. Thus, the Court asked the parties for additional briefing on how Brake's graduation impacted the parties' arguments on mootness. Minute Order of Sept. 14, 2026. Having received that briefing, the Court finds that the case is moot because Brake is no longer eligible to participate in the internship program and there is no reasonable expectation that he will become eligible again. So the Court will grant Defendant's motion and dismiss the case.

"Federal [district] courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). The court has the "affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority." *Grand Lodge of Fraternal Ord. of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001). This "includes the obligation to consider the possibility of mootness." *Holland v. ACL Transp. Servs., LLC*, 815 F. Supp. 2d 46, 52 (D.D.C. 2011). In evaluating a motion to dismiss for lack of jurisdiction under Rule 12(b)(1), a court must "assume the truth of all material factual allegations in the complaint" while also "granting plaintiff the benefit of all inferences that can be derived from the facts alleged." *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quotation omitted).

Article III of the Constitution grants the federal courts power to resolve only "actual, ongoing controversies," meaning that courts "lose jurisdiction if a pending case becomes moot." *Trump v. Mazars USA, LLP*, 39 F.4th 774, 785 (D.C. Cir. 2022) (quoting *Planned Parenthood of Wis., Inc. v. Azar*, 942 F.3d 512, 516 (D.C. Cir. 2019)). Thus, a federal court may not decide a case if "events have so transpired that the decision will neither presently affect the parties' rights

nor have a more-than-speculative chance of affecting them in the future." *J.T. v. District of Columbia*, 983 F.3d 516, 522 (D.C. Cir. 2020) (quoting *Clarke v. United States*, 915 F.2d 699, 701 (D.C. Cir. 1990) (en banc)). In other words, a case becomes moot if events transpire such that the plaintiff "lack[s] a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (citation omitted).

Because Brake proceeds pro se, the Court must construe his complaint liberally. *See Bowman v. Iddon*, 848 F.3d 1034, 1039 (D.C. Cir. 2017). At this stage in the proceedings, and because he proceeds pro se, the Court considers the factual allegations from all his filings, not just his complaint. *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015). Ultimately, though, a pro se plaintiff still must plead facts that establish the Court's jurisdiction. *See Odutola v. Branch Banking & Tr. Co.*, 321 F. Supp. 3d 67, 73 (D.D.C. 2018).

As explained below, the only claim that Brake pleads in the complaint is moot because he is no longer eligible to apply for the internship program, and there is no more-than-speculative chance that he will be eligible again.

Brake alleges that, at the time he filed the complaint, he was a law student who was eligible to participate in the internship program during the summer of 2025. ECF No. 1 ¶ 1. But in May 2026, Brake graduated, completing both a law degree and a master's degree. ECF No. 22. Thus, he is no longer a student and has no plans to be a student again. *Id*. And, as the complaint alleges, Congress established the internship program to ensure internship opportunities for "underrepresented students and institutions." ECF No. 1 ¶ 11; *see also* 49 U.S.C. § 106 note (stating that MSI Internship Programs internship placements shall be extended to "students"). Thus, while Brake appears to have been eligible to apply for the internship program when he filed this case, he is no longer eligible, and there is no reason to think he will be again. And while Brake tries to find some

daylight in the statutory scheme for a former student to be found eligible, he comes up well short on that front. *See* ECF No. 24. Of course, Congress did not specifically account for a situation exactly like Brake's, but nothing suggests that a former student—especially one who had never been accepted into the internship program *while* a student—remains eligible for the internship after his time as a student is over.

For that reason, whatever the merits of Brake's claim that the law requires that the internship program be maintained, "events have so transpired that the decision will neither presently affect [his] rights nor have a more-than-speculative chance of affecting them in the future." *J.T.*, 983 F.3d at 522. Put differently, he has no "continuing interest" in the outcome of the case. *Hardaway v. D.C. Hous. Auth.*, 843 F.3d 973, 979 (D.C. Cir. 2016) (citing *Friends of the Earth, Inc. v. Laidlaw Env't Servs., Inc.*, 528 U.S. 167, 191–92 (2000)).

None of Brake's arguments with respect to mootness address this fundamental problem. He claims that the Court could grant effective relief because the internship program remains unlawfully shuttered. ECF No. 19 at 3. True, if the Court found for him on the merits, it could order the program reinstated, as he requests. But that would not provide *him* any effective relief, because his graduation divested him of any legally cognizable interest in the continued operation of the internship program by ending his eligibility for it. *Cf. Jafarzadeh v. McAleenan*, No. 16-cv-1385 (JDB), 2019 WL 2303854, at *5 (D.D.C. May 30, 2019) (finding case seeking vacatur of USCIS green card application processing policy mooted when the plaintiff received lawful permanent resident status and thus would no longer be subjected to said policy); *Anderson v. HUD.*, 731 F. Supp. 3d 19, 31 (D.D.C. 2024) (in case where the plaintiff opposed agency's approval of property conversion, finding the plaintiff's challenge to agency rule moot when agency superseded the rule with an independent basis for allowing the conversion).

Along those same lines, Brake cites to *Super Tire Engineering Company v. McCorkle*, 416 U.S. 115 (1974), but it does not help him, either. ECF No. 19 at 4. In *Super Tire*, the Supreme Court held that, even though the petitioners' "case for an injunction" had been mooted by the end of a strike, its request for declaratory relief remained alive because the parties "still retain[ed] sufficient interests and injury as to justify the award of declaratory relief." 416 U.S. 121–22. But the Court reached that conclusion because, in its view, the challenged governmental action still had an ongoing effect on the parties' collective bargaining relationship. *Id.* at 124. No similar relationship exists here; because Brake is ineligible for the internship program, he lacks any "continuing interest" in whether it is reinstated.

Finally, Brake argues that his claim is saved by the exception to the mootness doctrine for cases that are "capable of repetition, yet evading review." ECF No. 19 at 5. Not so. For that exception to apply, "the plaintiff must demonstrate that (1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party would be subjected to the same action again." *Del Monte Fresh Produce Co. v. United States*, 570 F.3d 316, 322 (D.C. Cir. 2009) (quotation omitted). Brake has not met his burden of showing that there is any reasonable expectation that he will be a student again, and thus subject to Defendant's failure to continue the internship program.

For all the above reasons, the Court will grant Defendant's motion and dismiss the case as moot. A separate order shall issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: September 29, 2026